UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREW MCEACHIN,                                    )
                                                    )        **AMENDED COMPLAINT**
                        Plaintiff,                  )
                                                    )        **JURY TRIAL DEMANDED**
     -against-                                      )
                                                    )        15 Civ. 4304 (RMB)
THE CITY OF NEW YORK; POLICE                        )
DETECTIVE PETER HOEFLINGER, Shield No.              )
3870; POLICE DETECTIVE ZOLTAN                       )
DOBROSSY, Shield No. 2563; POLICE                   )
SERGEANT VINCENT TIERNAN, Shield No.                )
5478; JOHN DOES; RICHARD ROES,                      )
                                                    )
                        Defendants.                 )
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff ANDREW MCEACHIN seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42

U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth

Amendments.  Plaintiff seeks damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs and attorneys' fees, and such other and further relief as this

court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

**JURY TRIAL DEMANDED**

3.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded

herein.

**VENUE**

4.      Venue is proper for the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**PARTIES**

5.      Plaintiff ANDREW MCEACHIN is a citizen and resident of the United States,

and at all times relevant herein was a resident of the State of New York, County of New York.

Plaintiff ANDREW MCEACHIN is a black man.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agents in the area of law enforcement to

members of the public, and for which it is ultimately responsible.  Defendant THE CITY OF

NEW YORK assumes the risks incidental to the maintenance of a police force and the

employment of police officers as said risk attaches to the public consumers of the services

provided by the New York City Police Department.

7.      Defendants POLICE DETECTIVE PETER HOEFLINGER, POLICE

DETECTIVE ZOLTAN DOBROSSY, POLICE SERGEANT VINCENT TIERNAN and JOHN

DOES are and were at all times relevant herein duly appointed and acting officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual

2

defendants are and were at all times relevant herein acting under color of state law in the course

and scope of their duties and functions as officers, agents, servants, and employees of defendant

THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants POLICE DETECTIVE PETER

HOEFLINGER, POLICE DETECTIVE ZOLTAN DOBROSSY, POLICE SERGEANT

VINCENT TIERNAN and JOHN DOES are sued individually.

       8.      Defendants POLICE SERGEANT VINCENT TIERNAN and RICHARD ROES

are and were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, responsible for the training, retention, supervision, discipline and control of police

officers under their command.  Said individual defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,

were acting for, and on behalf of, and with the power and authority vested in them by THE CITY

OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants POLICE SERGEANT VINCENT TIERNAN and RICHARD ROES are sued

individually.

### STATEMENT OF FACTS

       9.      On June 5, 2012, approximately 1:30 p.m., Plaintiff ANDREW MCEACHIN was

walking down the sidewalk in Bushwick, Brooklyn.

      10.     Plaintiff had just purchased a bottle of wine.

      11.     Plaintiff had no drugs or other contraband on his person.

      12.     Two plainclothes Defendant Detectives from the NYPD - on information and belief two of Defendants HOEFLINGER, DOBROSSY, and TIERNAN, and likely Defendants DOBROSSY and TIERNAN (who are listed as "Team No. 2" on the Tactical Plan for the series of locations to be visited by their narcotics team on June 5, 2012) - approached Plaintiff.

      13.     One of the Detectives told Plaintiff, in sum and substance, "you know what you did," and the other Detective was video-recording Plaintiff with his phone.

      14.     Plaintiff, confused, asked the Detectives what they were talking about.

      15.     The Detectives asked Plaintiff if Plaintiff had any warrants out for him, or had any drugs in his pocket.

      16.     Without Plaintiff's consent, and without any lawful justification, the Detectives searched inside of Plaintiff's pocket.

      17.     One of the Detectives "flaked" Plaintiff, and pretended that he had removed an empty packet (that the Detective displayed) that had cocaine residue inside of it from inside of Plaintiff's pocket.

      18.     Plaintiff protested that the packet had not been inside of his pocket.

      19.     The Detective said, in sum and substance, "oh, you're a smart ass," and placed Plaintiff under arrest.

      20.     The Detectives took Plaintiff to a local NYPD precinct, on information and belief the 73rd Precinct.

21.     While Plaintiff was being held at the precinct, he was unlawfully subjected to a strip search by, on information and belief, Detective DOBROSSY.

22.     Plaintiff was made to strip totally naked, and to spread his buttocks and lift his scrotum for review by the Detective DOBROSSY.

23.     After approximately 8 hours in custody Plaintiff was released with a DAT (Desk Appearance Ticket).

24.     The DAT denotes Defendant HOEFLINGER as Plaintiff's Arresting Officer.

25.     The Property Clerk Invoice, which falsely states that a straw with cocaine residue and a clear ziplock with cocaine residue were recovered from Plaintiff, lists Sergeant TIERNAN as the "finder(s)."

26.     Plaintiff appeared in Criminal Court on July 10, 2012 as required by the DAT, but did not hear his name called and missed his opportunity to appear before the court on that date.

27.     Plaintiff subsequently received a notice in the mail stating that a warrant had issued for him due to his non-appearance before the Criminal Court on July 10, 2012.

28.     Plaintiff had to make further appearances in the Criminal Court on September 27, 2012 and October 15, 2012, to clear the warrant and to defend himself from the false charge that had been lodged against him.

29.     The Criminal Court Complaint that was lodged against Plaintiff falsely charged him with Criminal Possession of a Controlled Substance in the Seventh Degree.

30.     The Criminal Court Complaint that was lodged against Plaintiff states that the factual allegations contained therein were based upon a Supporting Deposition executed by Defendant HOEFLINGER.

31.     The Criminal Complaint falsely alleges that Defendant HOEFLINGER "observed [Plaintiff] in possession of a quantity of cocaine in [Plaintiff's] hand that was visible to passers-by and that [Defendant HOEFLINGER] did recover said quantity of cocaine from Plaintiff's pants pocket."

32.     On October 15, 2012 the false charge against Plaintiff was dismissed in its entirety.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

33.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34.     By their conduct and actions in falsely arresting, unlawfully strip searching, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account and / or other false evidence surrounding the incident regarding, plaintiff, defendants POLICE DETECTIVE PETER HOEFLINGER, POLICE DETECTIVE ZOLTAN DOBROSSY, POLICE SERGEANT VINCENT TIERNAN and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

35.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

37.     By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers POLICE

SERGEANT VINCENT TIERNAN and RICHARD ROES caused damage and injury in

violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States

Constitution, including its Fourth and Fourteenth amendments.

38.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

39.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

40.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

41.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of failing to properly train, screen, supervise, or

discipline employees and police officers, and of failing to inform the individual defendants'

supervisors of their need to train, screen, supervise or discipline said defendants.  These policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of

other law enforcement officers' misconduct, through the fabrication of false accounts and other

evidence and/or through "the blue wall of silence."  These policies, practices, customs, and

usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43.     At all times material to this complaint, the defendant THE CITY OF NEW

YORK, acting through its police department and through the individual defendants, had de facto

policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive

stops, frisks, and arrests, which are implemented disproportionately upon men of color.  Such

policies, practices, customs and/or usages are a direct and proximate cause of the

unconstitutional conduct alleged herein.

44.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.


WHEREFORE, the plaintiff demands the following relief jointly and severally against all

of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empanelling of a jury to consider the merits of the claims

herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.


Dated:     New York, New York
            October 11, 2015


                          /S/____Jeffrey A. Rothman___
                          JEFFREY A. ROTHMAN, Esq.
                          315 Broadway, Suite 200
                          New York, New York 10007
                          (212) 227-2980
                          Attorney for Plaintiff